QUESTION: May a school district use public funds for the purchase of long-term or short-term disability income protection insurance for its employees?
SUMMARY: Under s. 112.12, F.S., a school district may use public funds to provide group health insurance coverage for its officers and employees, including disability benefits for loss of earning capacity. Prior to its amendment by Ch. 74-139, Laws of Florida, s. 112.12, F.S., authorized a district school board (or other governmental units therein designated) to pay all or any part of the premiums or charges for "life, health, accident, or hospitalization insurance provided for its officers and employees pursuant to the provisions of s. 112.08." Because of the rule that in the absence of clear statutory authority the expenditure of public moneys is not authorized, this statute has been strictly construed by this office. Thus, in AGO 067-20 my predecessor ruled that the Monroe County antimosquito district did not qualify as a governmental unit or board within the purview of s. 112.12 and thus could not provide health insurance for its employees out of tax funds. Accord: Attorney General Opinion 073-32, as to special statutory entities such as county expressway authorities and the Inter-American Cultural and Trade Center; and AGO 073-468, as to a fire control and rescue district. And in AGO 073-414 it was ruled that "income protection" insurance was not among the types of insurance enumerated in s. 112.12, the premiums for which could be paid from public funds. The statute in question was amended by the 1974 Legislature (Ch. 74-139, supra) to clarify the meaning of "health" insurance, as used therein. This it did by describing "health" insurance to mean "disability" insurance as defined in s.624.603, F.S. As therein defined, Disability insurance, also known as health insurance, is insurance of human beings against bodily injury, disablement or death by accident or accidental means, or the expense thereof, or against disablement or expense resulting from sickness and every insurance appertaining thereto. Disability insurance does not include workmen's compensation coverages. (Emphasis supplied.) It has been said that protection against loss of earning capacity resulting from accident or disease is the primary purpose of disability insurance. [See] 44 C.J.S. Insurance s. 12. Accord: Erreca v. Western States Life Ins. Co., 121 P.2d 689 (Cal. 1942), in which the court said: Disability insurance is designed to provide a substitute for earnings when, because of bodily injury or disease, the insured is deprived of the capacity to earn his living. [citations] It does not insure against loss of income.
Our Florida law relating to disability insurance contemplates this type of coverage in such a policy. See s. 627.624, F.S., authorizing a disability insurance policy to include a provision relating earnings to benefits payable and, at the insurer's option, defining "valid loss of time coverage. . . ." See also s.222.18, id., exempting "disability income benefits under any policy or contract of life, health, accident or other insurance" from the claims of creditors. Thus, whether designated "loss of time" benefits, "disability income" benefits, or "sickness or accident" benefits, it seems clear that a policy of health or disability insurance may include coverage for loss of earning capacity, represented by whatever weekly or monthly payments the insured and the insurer may agree upon in consideration for the premium paid by the insured. It is equally clear that this type of coverage may be included in a group health insurance policy covering the public officers and employees designated in s.112.08, F.S., and that public funds may be disbursed to pay all or any portion of the premiums therefor, as authorized by s. 112.12, supra. And insofar as AGO 073-414 may be interpreted to hold to the contrary, it is hereby modified.